# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. AND SUSAN HEGELEIN,  :  <br>     Plaintiffs,  : <br> : <br> v.  : <br> : <br> VT SYSTEMS, INC., ET AL.,  : <br>     Defendants.  : | CIVIL ACTION <br><br> NO. 10-899 |

## MEMORANDUM AND ORDER

**Tucker, J.**                                                                                          March \_\_\_\_, 2010

Presently before this Court is Plaintiffs' Motion for Remand (Doc. 8). For the reasons set forth below, the Court grants Plaintiffs' Motion.

## BACKGROUND

On February 12, 2010, Plaintiffs filed a Complaint in the Philadelphia County Court of Common Pleas against Defendants for serious injuries Plaintiff Daniel Hegelein sustained on December 9, 2008 while he was operating a Lee Boy paver in Mansfield, New Jersey. Plaintiffs allege the serious injuries, including the amputation of Plaintiff Daniel Hegelein's right leg, exceed $75,000.00. Plaintiffs reside in Southampton, New Jersey. Defendant VT Systems, Inc. has a principal place of business in Alexandria, Virginia. Defendant Lee Holding Co., has a registered office in Wilmington, Delaware. Defendant B.R. Lee Industries has a principal place of business in Denver, North Carolina. Defendant U.S. Municipal Supply, Inc. has a principal place of business in King of Prussia, Pennsylvania. On March 2, 2010, Defendants removed the case to federal court on the basis of diversity jurisdiction (Doc. 1). On March 17, 2010, Plaintiffs filed a Motion to Remand (Doc. 8). The Court will now address this pending motion.

## LEGAL STANDARD

"Federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*." Liberty Mut. Ins. Co. v. Ward Trucking Corp., 48 F.3d 742, 750 (3d Cir. 1995). Federal district courts have subject matter jurisdiction over cases that meet the standards for diversity jurisdiction and cases that raise federal questions. See 28 U.S.C. §§ 1331-1332. The party moving for removal bears the burden of showing that removal is appropriate. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).

Cases removed to federal court are subject to remand under 28 U.S.C. § 1447(c). The district court must grant a motion to remand "[i]f at any time before final judgment it appears that the . . . court lacks subject matter jurisdiction ..." 28 U.S.C. § 1447(c). See also Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 213 (3d Cir. 1997) (citing Int'l Primate Protection League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 87 (1991)). Jurisdiction must be evaluated "according to the plaintiff's pleading at the time of the petition for removal." Abels, 770 F.2d at 29. The removal statutes are to be strictly construed and all doubts should be resolved in favor of remand. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.1990).

## DISCUSSION

Defendants removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiffs argue that removal was improper under 28 U.S.C. § 1441(b) because one of the defendants, U.S. Municipal Supply, Inc., is a citizen of Pennsylvania, the state in which the action was brought.

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ., to the

district court for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). 28 U.S.C. § 1332 gives the district courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

28 U.S.C. § 1441(b), however, provides a restriction on removal in some diversity cases known as the "forum defendant rule." Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640, 642 (D.N.J. 2008). Specifically, Section 1441(b) provides that

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought*.

28 U.S.C. § 1441(b) (emphasis added).

"In diversity cases, removal jurisdiction was designed to protect nonresident defendants from any perceived prejudice or preference of the state court regarding the resident plaintiffs." Davenport v. Toyota Motor Sales, USA, Inc., No. 09-cv-532-JPG, 2009 WL 4923994, at * 2 (S.D. Ill. Dec. 14, 2009). See also McSparan v. Weist, 402 F.2d 867, 876 (3d Cir.1968) ( "one of the reasons underlying diversity jurisdiction [is] the prevention of discrimination against out-of-state litigants"); Copley v. Wyeth, Inc., No. 09-722, 2009 WL 1089663, at * 1 (E.D. Pa. Apr. 22, 2009) ("This [Section 1441(b)] limitation exists because '[t]he purpose of diversity jurisdiction is to avoid prejudice against out-of-state defendants.'") (internal citations omitted). "The forum defendant rule reflects the notion that there is no concern about favoritism by local courts towards a nonresident plaintiff, so there is no need to protect a resident defendant by allowing resort to

federal court." Davenport, 2009 WL 4923994, at * 2. "Where the plaintiff is a nonresident but has chosen to sue in a defendant's home state court, there is no need to protect the resident defendant from the prejudices of its own local courts." Davenport, 2009 WL 4923994, at * 3.

Though the case most analogous to the facts in this matter was not decided in the Third Circuit, the analysis transcends jurisdiction and is apposite to this case. In Davenport, the plaintiff, a citizen of Kentucky, filed a negligence action seeking damages in excess of $75,000 in Illinois state court against several defendants who were citizens of California, Georgia and Illinois. Davenport, 2009 WL 4923994, at * 1. One of the defendants removed the case to federal court relying on the federal court's original diversity jurisdiction. Id. The plaintiff moved to remand the case and argued that the forum defendant rule prevented removal of the case in light of the fact that several of the defendants were citizens of Illinois, the state in which the action was brought. Id. The Court agreed with the plaintiff and remanded the case to Illinois state court. Davenport, 2009 WL 4923994, at * 4. In doing so, the Court acknowledged that although it had original diversity jurisdiction because the parties were completely diverse and that more than $75,000 was in issue, the forum defendant rule compelled the Court to remand the action to the plaintiff's chosen forum. Davenport, 2009 WL 4923994, at * 3.

In sum, even when there is complete diversity among the parties, the matter in controversy exceeds $75,000, and all defendants were properly joined and served, a case may not be removed to federal court if one of the defendants is a citizen of the state in which the initial action was brought. See 28 U.S.C. § 1441(b). Because this case was initiated in Pennsylvania, this case may not be removed unless all defendants are citizens of a state other than Pennsylvania.

Here, this action was initiated in Pennsylvania state court and Defendant U.S. Municipal

Supply, Inc. is a citizen of Pennsylvania. Thus, removal to federal court was improper under the forum defendant rule because one of the parties in interest properly joined and served as a defendant is a citizen of the State in which such action is brought. As this Court's authority to hear the case was based solely on removal diversity jurisdiction, and that removal was improper, this Court lacks subject matter jurisdiction. Without subject matter jurisdiction, the Court is compelled to remand the case pursuant to 28 U.S.C. § 1447(c). This decision is consistent with the Third Circuit's policy of strictly construing removal statutes.

## **CONCLUSION**

For the aforementioned reasons, Plaintiffs' Motion to Remand the case to the Court of Common Pleas of Philadelphia County is granted. An appropriate Order follows.